## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| LETTUCE ENTERTAIN YOU ENTERPRISES, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) ) | |
| SIESTA KEY SUMMER HOUSE LLC, | ) ) ) ) ) ) | **DEMAND FOR A JURY TRIAL** |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Lettuce Entertain You Enterprises, Inc. files this Complaint for damages and injunctive relief against Defendant Siesta Key Summer House LLC and in support thereof states as follows:

## PARTIES

1.      Plaintiff Lettuce Entertain You Enterprises, Inc. ("LEYE") is a corporation organized under the laws of the state of Illinois with a place of business at 5419 N. Sheridan Road, Chicago, Illinois 60640.

123677011

2.    Defendant Siesta Key Summer House LLC ("Defendant") is a limited liability company organized under the laws of the state of Florida, with its principal place of business at 5148 Ocean Blvd., Sarasota, Florida 34242.

## JURISDICTION AND VENUE

3.    LEYE brings this action under the Lanham Act, including 15 U.S.C. §§ 1114(a) and 1125(a) (Infringement, False Designation of Origin, and Unfair Competition); 15 U.S.C. § 1116 (Injunctive Relief); 15 U.S.C. § 1117 (Attorneys' Fees and Treble Damages); and Florida Statutory and Common Law.

4.    This Court thus has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act.  This Court also has supplemental jurisdiction over the Florida Statutory and Common Law causes of action pursuant to 28 U.S.C. § 1367.

5.    This Court has personal jurisdiction over the Defendant because Defendant is a resident of the state of Florida and Defendant has committed, and continues to commit, acts of infringement in this District.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides in this judicial district and because a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## NATURE OF THE ACTION

7.     LEYE brings this action to protect one of its most valuable assets, namely, the goodwill, reputation and consumer recognition associated with its well-known SUMMER HOUSE SANTA MONICA® trademark and brand. LEYE has used its SUMMER HOUSE SANTA MONICA® trademark since at least November 2013 in connection with its exceedingly popular restaurants and bars. As described more fully herein, without LEYE's authorization or consent and with full knowledge and willful disregard of LEYE's prior rights in its federally-registered SUMMER HOUSE SANTA MONICA® trademark, Defendant adopted and recently began using the confusingly similar SUMMER HOUSE trademark in connection with its restaurant and bar located in Siesta Key, Florida as shown below:

8.     Defendant, therefore, has created circumstances whereby members of the trade and public are likely to be led to incorrectly believe that Defendant and its SUMMER HOUSE restaurant is authorized by, sponsored by, or affiliated or connected with LEYE and its well-known SUMMER HOUSE SANTA MONICA® trademark and services.

## COMMON ALLEGATIONS

**LEYE and its SUMMER HOUSE SANTA MONICA® rights and restaurants**

9.     LEYE was founded in 1971 with a vision for providing individuals across the country with unique and healthy, quality food. Since its creation almost 50 years ago, and as a result of its efforts to continually expand, develop and refine its restaurant and bar concepts, LEYE has become known as one of the most innovative restaurant companies in the country.

10.    Today, LEYE owns, licenses, or operates more than 120 restaurants across the United States, including in California, Illinois, Maryland, Minnesota, Nevada, Virginia, Texas, and Washington, D.C. LEYE continues to expand its food and beverage offerings in key locations across the country, including Denver International Airport, Reagan Washington National Airport and O'Hare International Airport, further developing and building upon its already national reputation.

11.    LEYE's traditional and on-line restaurants currently include Aba, Antico Posto, Beatrix, Beatrix Market, Ben Pao, Big Bowl, Big Bowl Chinese Express, Big City Chicken, Bill's Original Tavern Pizza, B Square Pizza, Bub City, Café Ba-Ba-Reeba!, Community Canteen, Crab Cellar, Di Pescara, Eiffel Tower, El Segundo Sol, ēma, Frankie's by the Slice, Gin & Juice, Hub 51, IL Porcellino, Joe's Live, Joe's Seafood, Prime Steak & Stone Crab, L. Woods, Lettuce at Navy Pier, Lil' Ba-Ba-Reeba!, Maggiano's Little Italy, M Burger, Mon Ami Gabi, Naoki Sushi, Osteria Via Stato, Padma's Curry Leaf, Pizzeria Portofino, Pizzeria Via Stato,

Quality Crab & Oyster Bah, Ramen-San, R.J. Grunts, Rotisserie Ema, RPM Events, RPM Italian, RPM Steak, RPM Seafood, Saranello's, Seasides, Shaw's Crab House, Stella Barra Pizzeria & Wine Bar, Stripburger and Chicken, Sub 51, Sushi-San, Tallboy Taco, Three Dots and a Dash, Tokio Pub, Twin City Grill, Vong's Thai Kitchen, Whole30 Delivered, Wildfire and Wow Bao. LEYE and its restaurants offer a broad range of high-quality food and drink items for dine-in, take-out, delivery or catering – all as part of its restaurants' restaurant services and bar services.

12.     In addition to the foregoing restaurants, LEYE also owns and operates restaurants and bars under the name SUMMER HOUSE SANTA MONICA®, which serve customers from Florida and across the United States. In 2013, LEYE opened its first SUMMER HOUSE SANTA MONICA® restaurant in Chicago, Illinois. Thereafter, LEYE opened two more SUMMER HOUSE SANTA MONICA® restaurants – one in Bethesda, Maryland (2015), and another at Chicago O'Hare International Airport (2016).

13.     To protect its significant rights in its SUMMER HOUSE SANTA MONICA® trademark, LEYE obtained a trademark registration for SUMMER HOUSE SANTA MONICA® for use in connection with restaurant and bar services, which issued on August 12, 2014 as U.S. Reg. No. 4,586,071. As required by the United States Patent and Trademark Office, the registration disclaims exclusive rights to "SANTA MONICA" apart from the mark as a whole. A copy of the

registration for LEYE's SUMMER HOUSE SANTA MONICA® mark is attached hereto as Exhibit A. LEYE's SUMMER HOUSE SANTA MONICA® trademark registration is now incontestable, and, pursuant to 15 U.S.C. § 1065, constitutes conclusive evidence of the validity of the trademark, of LEYE's ownership of the trademark, and of LEYE's exclusive right to use the SUMMER HOUSE SANTA MONICA® trademark in commerce in connection with restaurant and bar services.

14.    For many years, and prior to Defendant's unauthorized adoption and use of its confusingly similar mark, LEYE devoted significant time, effort, and resources to provide, market and promote its restaurant and bar services under and in connection with its SUMMER HOUSE SANTA MONICA® trademark to customers located in Florida and nationwide, establishing both common law rights under Florida law, as well as rights under the Lanham Act.

15.    LEYE promotes its SUMMER HOUSE SANTA MONICA® restaurants and bars nationally through its websites located at www.lettuceentertainyou.com, www.leye.com, and www.summerhousesm.com. Actual and prospective patrons from across the country, including a substantial number from Florida and from the Tampa, Florida area, have visited LEYE's websites. LEYE also promotes its SUMMER HOUSE SANTA MONICA® restaurants and bars through well-known food-delivery platforms such as Doordash,

Grubhub, Ubereats, and through its social media pages on Facebook, Twitter, and Instagram, all of which are accessible nationwide.

16.    In addition, LEYE promotes its SUMMER HOUSE SANTA MONICA® restaurants through its frequent diner program, which boasts over 340,000 members nationwide, with members in all 50 states, including members in Florida, with many of those members residing in the Tampa, Florida area. All members receive email newsletters promoting LEYE's restaurants, including its SUMMER HOUSE SANTA MONICA® restaurants.

17.    LEYE also promotes and takes reservations for its SUMMER HOUSE SANTA MONICA® restaurants and bars through the well-known, national reservation service at www.OpenTable.com.  Patrons from across the country, including patrons from Florida, and from Tampa, Florida, in particular, have made reservations for LEYE restaurants, including its SUMMER HOUSE SANTA MONICA® restaurants through this service.

18.    LEYE also promotes its restaurants, including its SUMMER HOUSE SANTA MONICA® restaurants and bars, by selling Gift Cards and e-Gift Cards through its websites and email newsletters, including a significant number of such Gift Cards and e-Gift Cards to residents of Florida and of Tampa, Florida in particular.

123677011                                7

19.    As a result of LEYE's use and extensive promotion of its SUMMER

HOUSE SANTA MONICA® trademark in connection with restaurant and bar

services, and as shown in the following samples of reviews from www.Yelp.com,

consumers from across the country, including from Florida, have dined at LEYE's

SUMMER HOUSE SANTA MONICA® restaurant and have become familiar with

LEYE and its SUMMER HOUSE SANTA MONICA® trademark, especially the

distinctive and memorable SUMMER HOUSE portion of the mark:





**Emmie O.**
Orlando, FL



 7/9/2016

**Summer house** is one of my favourite restaurants in Chicago.
The California inspired vibes with plenty selection of food and drinks. My friends and i always ordered avocado toast and short ribs benedict.They are delish!!We also have other couple things from the menu and nothing has fail us so far. Dont forget to get the cookies with vanilla ice cream on the top.
their pastry and cookies are amazing!  you wont be  disappointed!!

| ◎ Useful | ☺ Funny | ☺ Cool |
|---|---|---|



**Haley V.**
Portland, OR



 6/25/2014

I love **summer house**! It is my favorite place in Chicago right now. Great service, great atmosphere and great food. The burrata, brussel sprouts, and cookies are a must!

| ◎ Useful 1 | ☺ Funny | ☺ Cool |
|---|---|---|



**Erin W.**
Valrico, FL
📷 4  📹 4

⭐⭐⭐⭐⭐ 9/29/2016

Tonight my fiancé and I went to **summer house** for the first time and it was great! Our server was awesome, attentive but not overly so. We sat in the little front patio and had the beet salad, calamari to start- both were great! For dinner my fiancé got the Dixie fried chick which was delicious. I had the grouper with coconut curry and black rice. It was delicious but undercooked. Our server immediately took it to be fixed and the manager came over to check in with us- he even took it off the bill which was so nice but not necessary! Great service we will be back!

[ 👁 Useful ]  [ 🙂 Funny ]  [ 😎 Cool ]



**Greg Q.**
Philadelphia, PA
📷 45  📹 146                                                    · · ·

⭐⭐⭐⭐⭐ 6/17/2017


📷 5 photos

Another perfect brunch at **Summer House**. This restaurant never fails to deliver. We have been frequenting it for several years now and when we get to Chicago we always return. The menu has changed very little over the years but why fix what isn't broken. The atmosphere is inviting and the service outstanding. Portions are very generous. We'll be back as long as they keep baking their Salted Oatmeal Scotchie cookies.

   


See all photos from Greg Q. for Summer House Santa Monica

[ 👁 Useful ]  [ 🙂 Funny ]  [ 😎 Cool ]



**Jessica B.**
Miami Beach, FL
📷 230  📹 178

⭐⭐⭐⭐⭐ 9/23/2016

**Summer House** was lovely. Great food, service, the maitre' was very nice... Loved the apps, fried chicken & desert.

[ 👁 Useful ]  [ 🙂 Funny ]  [ 😎 Cool ]

123677011                                      10



**Sonjacharde M.** `Elite '2021`
Duluth, GA
📷 121  💬 189

⭐⭐⭐⭐⭐ 2/16/2019

I went here with my friend and our cumulative 6 children. After going to several restaurants in the area that had a 3 hour wait on Saturday night, **Summer House** was able to sit all 8 of us at the bar, including the kids, with no problem. I had a Rico Suave drink which had watermelon in it (yasssssss) and it was strong and flavorful.  To eat, I had the lake trout with lemon butter mashed potatoes. The trout was grilled to perfection, had a nice Smokey flavor and was finished with a lemon caper sauce which was packed with salt and pickled flavor. I thoroughly enjoyed it. My friend got the chicken which was perfectly crispy on the outside and VERY juicy on the inside. It was a bite of heaven. We got a side of mashed potatoes which were creamy, smooth and the perfect salt amount and a side of French fries which were extremely crispy and fried to perfection. The kids mostly ate off the kids menu and they all cleaned their plates - which is a good sign for picky eaters. We also got the calamari which was fried crispy yet chewy and had good flavor. For dessert we had the chocolate cake with vanilla bean ice cream and the kids all got some sort of cookie. The cookies were HUGE and could definitely be shared with two people. The cake was decadent, rich and very chocolatey. It had big flakes of sea salt on top which complimented the sweetness from the cake and ice cream very nicely. The interior decor was very bright, modern and open with lots of flowers hanging from the ceiling - absolutely gorgeous. And, even though we sat at the bar they were very very VERY attentive to our needs. Which is rare when sitting at the bar. Especially with children. The bill was $214 for 5 full size entrees, 4 alcoholic drinks, 3 kids meals, and 5 desserts. Overall, I highly recommend!

 

---



**Carol D.**
Fort Lauderdale, FL
📷 1  💬 5

⭐⭐⭐⭐⭐ 5/3/2018

Loved everything about our dining experience at **Summer House**!  We stopped in midday around 3:00 on a recent Saturday after a tour of DePaul with our soon-to-be off to college somewhere daughter.  Having heard good things already, I was excited to try **Summer House** and it did not disappoint.  While we were too late for brunch, the place was still packed and we soon had Whispering Angel Rose' flowing for the three of-age diners and a Watermelon Mocktail for the 17-year old, which she loved.  We were seated in the Vitamin D room and even though it was a dreary cold day, it seemed brighter and cheery with the glass rooftop.  We, of course had to start with the guacamole and chips courtesy of Yelp and it was very good.  Three of the diners ordered the same meal, the prime rib French dip that came with thin cut fries.  All three agreed that it was very good.  The prime rib was very thinly shaved and one of the diners said it was the leanest he had ever had.  That's a thumbs up in my book because I hate fat.  There's nothing worse than biting into a French dip and getting a mouthful of fat!  I did steal a bite (or two) and can concur that it was delicious.  I ordered the wood-grilled mahi mahi tacos and they were also yummy.  The mahi has a spicy seasoning that had a nice kick but wasn't overwhelming and I liked that they gave you the meal ingredients separate so that you could make your own tacos.  It came with rice, black beans, salsa and tortillas and it was all good.  I would definitely order it again and we will all be back in the future for a return visit!  It's a great space, the service was awesome and the food delicious!



20.    In addition to LEYE's customers often referring to LEYE's SUMMER HOUSE SANTA MONICA® restaurant by the salient portion of the mark, SUMMER HOUSE, LEYE has, for a number of years, also referred to its restaurant by using a shortened version of the mark, SUMMER HOUSE, as shown in the excerpt from LEYE's SUMMER HOUSE SANTA MONICA® website below:



*Welcome To Summer House Santa Monica*

**DINE-IN • TAKEOUT • DELIVERY**

Located in Chicago's Lincoln Park neighborhood, Summer House presents an escape to the warmth and laid-back vibes of the West Coast. The California-inspired menu highlights simple, market-driven ingredients with a focus on local & sustainable farming.

21.    LEYE's SUMMER HOUSE SANTA MONICA® trademark, including the more salient SUMMER HOUSE portion of the trademark, has thus acquired distinctiveness signifying LEYE.  LEYE has cultivated and now owns considerable and valuable goodwill in and symbolized by its SUMMER HOUSE SANTA MONICA® mark, including the shortened version of the mark, SUMMER HOUSE. This consumer goodwill and recognition constitutes one of LEYE's most valuable assets and is crucial to the continued vitality of LEYE's business.

**Defendant's Infringement of
the SUMMER HOUSE SANTA MONICA® mark**

22.    Long after LEYE registered and began using its SUMMER HOUSE SANTA MONICA® trademark, and long after consumers across the country began referring to LEYE's restaurant by the shortened, most salient portion of the mark,

SUMMER HOUSE, LEYE learned that Defendant had recently opened a restaurant

and bar under the name SUMMER HOUSE.

23.     Much like LEYE's SUMMER HOUSE SANTA MONICA® restaurant,

Defendant's restaurant is outfitted with light green, light blue, white, and light brown

décor to create a relaxed, airy environment reminiscent of a summer house:

*LEYE's SUMMER HOUSE*          *Defendant's SUMMER HOUSE*

 

24.     Defendant   promotes   its   restaurant   through   its   own   website

(www.summerhousesiestakey.com) as well as through the restaurant group, Above

the Bar's website as shown below:



25.    Defendant further promotes its restaurant on its Facebook page (www.facebook.com/siestakeysummerhouse) and on its Instagram pages (@summerhousesiestakey and @summerhousesteakandseafood) with the SUMMER HOUSE name as shown below:



26.    Like LEYE's SUMMER HOUSE SANTA MONICA®, Defendant offers gift cards with the name SUMMER HOUSE, as shown by Defendant's ad below:



27.    Defendant also displays the SUMMER HOUSE name on its website in

a manner that emphasizes SUMMER HOUSE, similar to LEYE's advertising:

### *LEYE's SUMMER HOUSE*         *Defendant's SUMMER HOUSE*

          

28.    Promptly upon learning of Defendant's adoption and use of SUMMER

HOUSE in connection with its restaurant, LEYE sent a cease and desist letter to

Defendant notifying Defendant of LEYE's prior use of, and superior existing rights

in, the SUMMER HOUSE SANTA MONICA® trademark for restaurant and bar services. LEYE further informed Defendant that its use of SUMMER HOUSE is likely to lead consumers to mistakenly believe that LEYE had opened a SUMMER HOUSE in the Siesta Key, Florida area, or that Defendant's restaurant was affiliated or connected with, or sponsored or endorsed by, LEYE. Accordingly, LEYE informed Defendant that its use of SUMMER HOUSE infringes LEYE's rights, and LEYE requested that Defendant cease its use of SUMMER HOUSE in connection with its restaurant and instead transition to a different name.

29.    Throughout the latter part of 2020 and into 2021, LEYE continued to attempt to resolve this matter amicably though correspondence between the parties' counsel concerning LEYE's prior use of and existing rights in its SUMMER HOUSE SANTA MONICA® mark, and its concern that Defendant's SUMMER HOUSE restaurant leads consumers to incorrectly believe that Defendant's restaurant was associated or connected with, or sponsored or endorsed by, LEYE, or that LEYE had opened a SUMMER HOUSE in the Siesta Key, Florida area.

30.    Despite LEYE's objections, Defendant rejected LEYE's requests that Defendant adopt a different name for its restaurant that did not incorporate the "SUMMER HOUSE" wording, which is a principal component of LEYE's SUMMER HOUSE SANTA MONICA® mark. As of this filing, Defendant continues to operate its SUMMER HOUSE restaurant, and promote its restaurant at

least on the Above the Bar website, as well as on its own website, social media pages, and through local media outlets.

31.    Pursuant to 15 U.S.C. §1072, Defendant had constructive knowledge of LEYE's federally registered SUMMER HOUSE SANTA MONICA® trademark prior to Defendant's unauthorized use of the SUMMER HOUSE mark, which is confusingly similar to LEYE's SUMMER HOUSE SANTA MONICA® mark.

32.    In addition, Defendant had actual knowledge of LEYE's SUMMER HOUSE SANTA MONICA® restaurants and LEYE's ownership of its SUMMER HOUSE SANTA MONICA® mark at least as early as September 2020, when LEYE, through its counsel, sent a letter to Defendant notifying Defendant of LEYE's federally-registered SUMMER HOUSE SANTA MONICA® mark and rights.

33.    Defendant's knowledge of LEYE's prior use of the SUMMER HOUSE SANTA MONICA® trademark and its disregard of LEYE's intellectual property rights demonstrates Defendant's bad faith and intentional misconduct.

34.    Defendant's unauthorized use of the SUMMER HOUSE trademark is likely to confuse consumers in that it will lead consumers to incorrectly believe that LEYE is the source of, has endorsed or approved, or is somehow legitimately associated with Defendant and its restaurant, thereby injuring the goodwill and reputation that LEYE has built in its SUMMER HOUSE SANTA MONICA® trademark.

35.    Given Defendant's use of a confusingly similar trademark in connection with services identical to those offered by LEYE under its federally-registered SUMMER HOUSE SANTA MONICA® trademark, and in light of Defendant's refusal to accede to LEYE's repeated requests to cease use of the SUMMER HOUSE mark, LEYE has no choice but to protect its rights in its valuable SUMMER HOUSE SANTA MONICA® trademark through initiation of this action. All of these facts render this matter an exceptional case.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

36.    LEYE realleges and incorporates herein paragraphs 1 through 35 of this Complaint.

37.    Defendant had constructive knowledge of LEYE's ownership of and rights in its federally-registered SUMMER HOUSE SANTA MONICA® trademark prior to Defendant's unauthorized use and continued use of the SUMMER HOUSE trademark for restaurant and bar services.

38.    Defendant further has actual knowledge of LEYE's ownership of and rights in its federally-registered SUMMER HOUSE SANTA MONICA® trademark, yet continues its unauthorized use of the SUMMER HOUSE trademark for restaurant and bar services.

39.    Defendant's aforesaid use of the SUMMER HOUSE trademark with restaurant and bar services is without LEYE's authorization or consent.

40.    Defendant's unauthorized use of the SUMMER HOUSE trademark in connection with its promotion and provision of restaurant and bar services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant or its services with LEYE and its federally-registered SUMMER HOUSE SANTA MONICA® mark in violation of 15 U.S.C. § 1114(1)(a).

41.    Defendant's unauthorized conduct has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services provided in connection with its SUMMER HOUSE SANTA MONICA® mark, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

42.    Because Defendant has actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA® trademark, Defendant is willfully engaged in trademark infringement in violation of the Lanham Act. Thus, the intentional nature of Defendant's conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

43.    As a result of Defendant's conduct, LEYE has suffered substantial damage and irreparable harm to its SUMMER HOUSE SANTA MONICA®

trademark, constituting an injury for which LEYE has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

44.    LEYE realleges and incorporates herein paragraphs 1 through 43 of this Complaint.

45.    Defendant has willfully used the confusingly similar SUMMER HOUSE trademark to trade upon LEYE's hard-earned goodwill in its SUMMER HOUSE SANTA MONICA® trademark and the reputation established by LEYE in connection with its restaurant and bar services, as well as to confuse consumers as to the origin, source, sponsorship or affiliation of Defendant's restaurant and bar services.

46.    Defendant's unauthorized and tortious conduct has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its services under its SUMMER HOUSE SANTA MONICA® trademark, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

47.     Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

48.     Defendant's conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Defendant's unauthorized use in commerce of the infringing mark constitutes use of a false designation of origin and misleading description and representation of fact.

50.     As a result of Defendant's conduct, LEYE has suffered substantial damage and irreparable harm constituting an injury for which LEYE has no adequate remedy at law. LEYE will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## <u>COUNT III</u>

### VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201 *et seq*.

51.     LEYE realleges and incorporates herein paragraphs 1 through 50 of this Complaint.

52.     LEYE is the owner of valid common law rights in the trademarks SUMMER HOUSE SANTA MONICA® and SUMMER HOUSE, which it has used continuously and in connection with the marketing, offering and sale of its restaurant and bar services long prior to Defendant's adoption and first use of the confusingly similar SUMMER HOUSE mark.

53.     Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's services with LEYE and its SUMMER HOUSE SANTA MONICA® trademark, and as to the origin, sponsorship or approval of Defendant and its services in violation of Florida law.

54.     Defendant has been misleading consumers and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of its services, and is otherwise damaging the public. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq., Fla. Stat.

55.     Defendant's unauthorized conduct also has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services offered in connection with its SUMMER HOUSE SANTA

MONICA® and SUMMER HOUSE trademarks, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

56.     Because Defendant has actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA® and SUMMER HOUSE trademarks yet Defendant continues to use the confusingly similar SUMMER HOUSE trademark, Defendant is willfully engaged in deceptive trade practices in violation of Florida state statutory law.

57.     Defendant's conduct has caused and is likely to continue to cause substantial injury to the public and to Plaintiff, entitling Plaintiff to injunctive relief and to recover damages, its costs and its reasonable attorney's fees.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

58.     LEYE realleges and incorporates herein paragraphs 1 through 57 of this Complaint.

59.     LEYE is the owner of valid common law rights in the trademarks SUMMER HOUSE SANTA MONICA® and SUMMER HOUSE, which it has used continuously and in connection with the marketing, offering and sale of its restaurant and bar services long prior to Defendant's adoption and first use of the confusingly similar SUMMER HOUSE mark.

60.     Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's services with LEYE and its SUMMER HOUSE SANTA MONICA® trademark, and as to the origin, sponsorship or approval of Defendant and its services in violation of Florida common law.

61.     Defendant's unauthorized conduct also has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services offered in connection with its SUMMER HOUSE SANTA MONICA® and SUMMER HOUSE trademarks, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

62.     Because Defendant has actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA® and SUMMER HOUSE trademarks yet Defendant continues to use the confusingly similar SUMMER HOUSE trademark, Defendant is willfully engaged in common law trademark infringement in violation of Florida common law.

63.     As a result of Defendant's conduct, LEYE is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

64.     Defendant's infringement and unfair competition was undertaken with willful disregard for LEYE's trademark rights and a deliberate attempt to trade on

the goodwill of LEYE's trademarks. Defendant is therefore guilty of intentional misconduct or gross negligence which was a substantial cause of loss, injury or damage to LEYE, and Plaintiff is entitled to an award of punitive damages under Florida law.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

65.     LEYE realleges and incorporates herein paragraphs 1 through 64 of this Complaint.

66.     LEYE is the owner of valid common law rights in the trademarks SUMMER HOUSE SANTA MONICA® and SUMMER HOUSE, which it has used continuously and in connection with the marketing, offering and sale of its restaurant and bar services long prior to Defendant's adoption and first use of the confusingly similar SUMMER HOUSE mark.

67.     Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's services with LEYE and its SUMMER HOUSE SANTA MONICA® and SUMMER HOUSE trademarks, and as to the origin, sponsorship or approval of Defendant and its services in violation of Florida common law.

68.      Defendant's unauthorized conduct also has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant

and bar services offered in connection with its SUMMER HOUSE SANTA MONICA® trademark, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

69.    Because Defendant has actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA® trademark yet Defendant continues to use the confusingly similar SUMMER HOUSE trademark, Defendant is willfully engaged in common law unfair competition in violation of Florida common law.

70.    As a result of Defendant's conduct, LEYE is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

71.    Defendant's infringement and unfair competition was undertaken with willful disregard for LEYE's trademark rights and a deliberate attempt to trade on the goodwill of LEYE's trademarks.  Defendant is therefore guilty of intentional misconduct or gross negligence which was a substantial cause of loss, injury or damage to LEYE, and Plaintiff is entitled to an award of punitive damages under Florida law.

## PRAYER FOR RELIEF

WHEREFORE, LEYE requests that this Court enter a judgment in its favor and against Defendant as follows:

A.    Declaring that Defendant has infringed LEYE's SUMMER HOUSE

SANTA MONICA® trademark and has engaged in trademark infringement and unfair competition under 15 U.S.C. §§ 1114 and 1125; and has committed acts of unfair competition and trademark infringement in violation of Florida state statutory and common law;

B.    Permanently enjoining and restraining Defendant, its agents, servants, employees and attorneys, and any other persons in active concert or participation with it from:

(1)    using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or internet domain name that is comprised in whole or in part of the term SUMMER HOUSE, or any term confusingly similar to LEYE's SUMMER HOUSE SANTA MONICA® trademark; and

(2)    doing any act or thing that is likely to induce the belief that Defendant's goods, services, or activities are in some way connected with LEYE's business, or that is likely to injure or damage LEYE's name, marks or business; and

(3)    using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks,

names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so; and

(4)    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (1) through (3).

C.    Requiring that Defendant:

(1)    pay LEYE for all damages suffered by reason of such acts, and account for and pay over to LEYE all profits derived by reason of their acts of infringement, false designation of origin, and unfair competition;

(2)    remit to LEYE exemplary or treble damages as provided for in 15 U.S.C. § 1117 and at common law;

(5)    deliver to LEYE's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages, menus, and other printed materials bearing the SUMMER HOUSE mark or any other marks confusingly similar to LEYE's SUMMER HOUSE SANTA MONICA® trademark and all means for making the same that are in Defendant's possession or control within ten (10) days of the entry of the Order;

(6)    reimburse LEYE for the costs it has incurred in bringing this action; and

(7)    awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

E.    Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

F.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

G.    Awarding LEYE such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: June 16, 2021                Respectfully submitted,

*/s/ Patricia M. Flanagan*
Patricia M. Flanagan
Florida Bar No. 58592
FOX ROTHSCHILD LLP
777 South Flagler Drive
Suite 1700, West Tower
West Palm Beach, FL 33401
Tel: (561) 835-9600
Fax: (561)835-9602
Email: pflanagan@foxrothschild.com

Antony J. McShane (IL Bar 6190332)
(*pro hac vice to be filed*)
Kara C. Smith (IL Bar 6327947)
(*pro hac vice to be filed*)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois 60602-3801
Tel: (312) 269-8000
Fax: (312) 269-1747
Email: amcshane@nge.com
Email: ksmith@nge.com

*Attorneys for Plaintiff*
*Lettuce Entertain You Enterprises, Inc.*